UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH B.,<br><br>          Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>          Defendant. | Case No. 21-cv-02368-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR EAJA FEES**<br><br>Re: Dkt. No. 33 |

In this Social Security case, Plaintiff seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA") following this Court's remand of her disability benefits case. (Dkt. No. 31.[1]) Plaintiff requests the Court award her reasonable attorney's fees in the amount of $16,462.14 and $22.80 in costs. (Dkt. No. 43 at 3.) The Commissioner opposes. Having carefully considered the papers submitted and the record in this case, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion.

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA") denial of her application for disability benefits for a combination of physical and mental impairments, including severe pain in her lumbar, thoracic and cervical spine, and right shoulder, as well as depression. On September 28, 2022, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's motion, and remanded for further proceedings. (Dkt. No. 31.) Plaintiff then filed the underlying motion for EAJA fees in the amount of $15,308.16. (Dkt. No. 33.) In her reply, Plaintiff requests EAJA fees of $16,462.14 which reflects additional time

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

spent drafting the reply and "an increase in the statutory maximum hourly rate allowed in the United States Courts for the Ninth Circuit, for calendar year 2022." (Dkt. No. 43 at 3 (citing UNITED STATES COURTS FOR THE NINTH CIRCUIT, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 14, 2023).) While not explicit, it appears that counsel used an incorrect hourly rate in her initial motion for the work performed in 2022. (*Compare* Dkt. No. 33 at 8 (seeking $231.49 per hour for 2022 work) *with* Dkt. No. 43-1 at ¶ 7 (seeking $234.95 per hour for 2022 work).) Thus, Plaintiff seeks an additional $1,153.98 to reflect work spent on the reply and to correct the hourly rate.

## DISCUSSION

Under the EAJA, a court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Rather, the plaintiff must prove that the fees sought are reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks omitted).

The parties here do not dispute that Plaintiff was the prevailing party given the Court's reversal and remand to the ALJ. However, the Commissioner insists the request should be denied because Plaintiff failed to provide an itemization of the fees requested, the government's position in this action was substantially justified, and the amount of fees sought is unreasonable.

### A. Itemization of Hours

While Plaintiff concedes that she failed to provide an itemization of her hours as required under 28 U.S.C. § 2412(d)(1)(B), counsel insists that this was an oversight. Counsel attests she emailed the government a copy of her itemized hours as soon as she reviewed the government's opposition, and she attached the itemized statement to her reply brief. (Dkt. No. 43-1 at ¶ 10, pp.

2

5-7.) Under these circumstances, the government cannot show any prejudice from allowing Plaintiff to amend her EAJA fee application. *See United States v. Hristov*, 396 F.3d 1044, 1048 (9th Cir. 2005).

### B. Substantial Justification

The Supreme Court has defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government." *Campos v. Colvin*, No. 13-CV-03327, 2015 WL 2266692, at *1 (N.D. Cal. May 14, 2015); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the government bears the burden of showing that its position was substantially justified under EAJA). "Put differently, the government's position must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified in order to avoid an award of fees. *Id*. Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id*. at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted).

In this Circuit, "a holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Meier*, 727 F.3d at 872 (cleaned up); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record"). The Court granted Plaintiff's motion for summary judgment here because (1) the ALJ's consideration of the medical evidence regarding the severity of Plaintiff's mental impairments was not supported by substantial evidence, and (2) the ALJ's rejection of Plaintiff's subjective symptom testimony did not satisfy the demanding clear and convincing standard. (Dkt. No. 31 at 3-11.) The Court therefore

3

1 remanded the action to the ALJ to reevaluate the medical evidence regarding the severity of
2 Plaintiff's mental impairments and Plaintiff's subjective symptom testimony. (*Id*. at 12.) Under
3 these circumstances, the Court finds the Commissioner has failed to meet his burden to show the
4 government was substantially justified in defending the ALJ's determination.

**C. Reasonableness of Fee Requested**

In establishing the reasonableness of fees and expenses under EAJA, it is Plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The applicant must exercise "billing judgment," i.e., the fees must be for services for which a private client would pay. *Id.* at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). An applicant may be awarded fees for hours spent litigating an EAJA fee award. *INS v. Jean*, 496 U.S. 154, 162 (1990).

Here, Plaintiff submits a declaration from her attorney, Ana Molleda, attesting that Ms. Molleda spent 70.40 hours litigating this action and breaking down the time sought into separate billing entries. (Dkt. No. 43-1 at 5-7.) Plaintiff seeks the statutory maximum hourly rate for social security attorneys in the Ninth Circuit Court of Appeals: $217.54 per hour for work done in 2021 and $234.95 per hour for work done in 2022. (Dkt. No. 33 at 8 (citing table set forth at: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last viewed on 4/18/2023)); *see also* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876-77. The Court finds Plaintiff's hourly rates reasonable and turns to the amount of hours billed. The Commissioner maintains a reasonable amount of time to spend on the appeal would have been 20-40 hours rather than the 70 hours Ms. Molleda spent. (Dkt. No. 40 at 4-5.)

The Ninth Circuit has held that it is "an abuse of discretion to apply a de facto policy

4

limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa v. Comm. of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (holding that courts should consider factors such as the complexity of legal issues, the procedural history, the size of the record, and when counsel was retained for each case). Social security cases involve a myriad of complex legal issues as well as oftentimes a voluminous administrative record. This case was no exception. The administrative record totaled nearly 970 pages and Plaintiff's brief raised three substantive legal issues, each with numerous subpoints—and nearly all warranted reversal of the ALJ's decision. Under these circumstances, the Court finds the 64.6 hours spent by Plaintiff's counsel preparing the briefing which led to this reversal and the 5.8 hours spent preparing the motion for attorney's fees and reply brief, are reasonable. *See Jean*, 496 U.S. at 161 (holding that under the EAJA, a prevailing party is entitled to fees incurred in litigation with the government in moving for an EAJA fee award).

Accordingly, Plaintiff is entitled to $16,462.14 in attorney's fees.

**D. Costs**

Plaintiff also requests costs in the amount of $22.80 for "Certified Mail Service of Process and other miscellaneous correspondence," which the government does not oppose. (Dkt. No. 33-1 at ¶ 9; Dkt. No. 43-1 at 7.) The Court finds such a request reasonable and accordingly awards $22.80 in costs.

**E. Direct Payment of EAJA Fees to Counsel**

As previously discussed, under the EAJA "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in a civil action (other than cases sounding in tort) ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id*. at 595 (citing 42 U.S.C. § 406(b)(1)(A)). In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct

5

1   payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to

2   "contain a direct fee requirement [to the attorney] absent clear textual evidence supporting such an

3   interpretation." *Id*. at 595.

4       Courts in this District have concluded *Ratliff* does not prevent payment of a fee award

5   directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to

6   the government. *See Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015)

7   (collecting cases). As Plaintiff assigned her EAJA fees to Ana L. Molleda (Dkt. No. 33-2),

8   Plaintiff's award shall be paid directly to Ms. Molleda subject to any outstanding federal debt

9   offset determined by the Treasury Offset Program.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for an award of attorney's fees pursuant to the EAJA is GRANTED. Plaintiff is awarded $16,462.14 in attorney's fees and $22.80 in costs. The award should be paid directly to Plaintiff's counsel, The Law Offices of Ana L. Molleda, less any administrative offset due to Plaintiff's outstanding federal debt, if any exists..

This Order disposes of Docket No. 33.

**IT IS SO ORDERED.**

Dated: April 19, 2023

                                                     JACQUELINE SCOTT CORLEY
                                                     United States District Judge